This casewas brought in the CityCourt, against the defendant, as bail of John Hubert, and a verdict given for the plaintiff The case was then brought up before the Circuit Court, and the verdict set aside, and judgment arrested. There had been a return of milla bona, but no ca. sa. against the principal. The cause occurred since the act of 1809. The doctrine of bail, as regulated by the act of 1785, having been lately settled by the Court, in the case of Pepoon and Mooney, and stated with great precision and clearness by my brother JYott, in the opinion delivered in that case; it will be only necessary for me to state the operation of the act of 1809. The Legislature — finding that there still existed many embarrassing regulations of the law, in regard to bail, and desirous to remove them, determined to place bail on such a footing, as that it should ensure all the' legitimate and obvious purposes,' which it was originally intended to effect, freed from these technical difficulties — in the year 1809, enacted, “ that in all actions hereafter to be brought, wherein the defendant or defendants *319 shall be held to bail by the Sheriff serving the writ or process, the bail so given to the Sheriff shall be entitled to all the rights, privileges and powers of special bail, and may surrender his principal in discharge of himself, or the principal surreiider himself in discharge of his bail, in the same manner, and to the same extent, as special bail are now entitled to; any law, usage, or custom to the contrary, in any wise notwithstanding.” The common bail, (as they are denominated in the act of 1785,) are then invested with all the rights, privileges and powers of special bail, without the necessity of going through the formalities heretofore required by law, and are in effect made special bail; and in order effectually to guard against the difficulty which resulted from the necessity of procuring a Judge’s order for the surrender of the principal, it is further enacted, that it shall not be necessary thereafter, for any bail to obtain a Judge’s order for leave to surrender his principal.
The act then authorizes the bail in this case, to surrender their principal at any time, at which special bail, (by which is meant bail, above, or bail to the action,) might surrender their principal ; some difficulty has arisen on this point, and possibly from what is said in the report of the case oí Stewart and JiftClure. The learned Judge who reported that case, only stated so much of the law ás he conceived was necessary for a clear understanding of that . case. Anciently the *320 bail were bound ex dehite justicias,, to render their principal before the return of non est inventus to a rapius ad satisfaciendum; but it was found that a plaintiff might sue out a capias the day before the return, by which means the bail were oftentimes effectually prevented from surrendering their principal; to remedy which, the Judges indulged the bail so far, as to permit them to render the body on the return of the first scire facias. Pop-ham,, Ch. J. extended this indulgence to the return of the second scire facias. Lord Coke would not allow the practice. Soon after, however, in the time of Croke, Ch. Jus. it was revived, and has been the settled doctrine ever since, that a surrender may be made at any time before the return of the second scire facias, or of the first where a scire fed is returned : and this is to be considered as the law in this State hereafter. The bail then, in this case, were not fixed by the return of a nulla bona. The motion is of course rejected, and the judgment below affirmed.
Kennedy and Cogdell, for the motion.
Mr. King and K. L. Simons, contra.